```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

PREMIER GAMING TRAILERS LLC,

    Plaintiff,

v.                              Case No. 8:16-cv-3378-T-33TGW

LUNA DIVERSIFIED ENTERPRISES,
INC.,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court in consideration of Plaintiff Premier Gaming Trailers LLC's Motion for Final Default Judgment on Complaint (Doc. # 13), filed on February 9, 2017. The time for filing a response has passed and no response in opposition has been filed, nor has a motion to set aside the default entered by the Clerk against Defendant Luna Diversified Enterprises, Inc. been filed. For the reasons that follow, the Court grants the Motion.

## **I.   Background**

Premier Gaming Trailers is a mobile gaming trailer fabricator located in Tampa, Florida. (Doc. # 1 at ¶ 8). On August 26, 2016, Premier Gaming Trailers was contacted by Luna, an equipment supplier and consulting firm, regarding a joint venture "that involved submitting bids to certain

requests for quote issued by government agencies." (Id. at ¶¶ 9, 10). When there was an opportunity to bid on a request for quote, Premier Gaming Trailers would supply Luna with "plans consisting of the design, features, and specifications, as well as production timetables and cost of" production and Luna would "then take the necessary steps to formally submit the bid." (Id. at ¶ 11).

If the bid was awarded to Premier Gaming Trailers and Luna, Premier Gaming Trailers was to fabricate the goods and deliver said goods to the procuring agency. (Id. at ¶ 12). The proceeds of any sale made in furtherance of the joint venture were to have been apportioned per "'Dual Check' terms." (Id. at ¶ 13). "The Dual Check terms provided that [Premier Gaming Trailers] and Luna would receive separate payments . . . in accordance with their respective compensation terms pursuant to the Parties' joint venture agreement." (Id.). The joint venture agreement was not reduced to a formal, written contract, although "the agreement . . . is evidence in certain communications . . .[,] as well as the performance of the terms of the Joint Venture Agreement by the Parties." (Id. at ¶ 14).

In September of 2016, Marcos Morales on behalf of Luna contacted Premier Gaming Trailers with regard to a request

for quote issued by the Department of the Army, identified as Solicitation Number W9124D-16-T-0038. (Id. at ¶ 15). Upon full performance of services rendered with respect to Solicitation Number W9124D-16-T-0038, the contracted party was to receive $1,196,183. (Id. at ¶ 16).

Before jointly bidding on Solicitation Number W9124D-16-T-0038, Premier Gaming Trailers and Luna had "joint ventured on three other requests for quotes that were subsequently not awarded to the Parties." (Id. at ¶ 17). For each of those three instances in which the bid was not awarded to Premier Gaming Trailers and Luna, Luna informed Premier Gaming Trailers of the failure to secure the bid. (Id.). Premier Gaming Trailers, however, was not provided an update with respect to Solicitation Number W9124D-16-T-0038. (Id. at ¶ 18).

"Concerned about the lack of communication coming from Luna," the owner and manager of Premier Gaming Trailers, Lidan Bekhor, contacted the Army. (Id. at ¶¶ 8, 19). The Army informed Bekhor that Luna had been awarded the bid for Solicitation Number W9124D-16-T-0038. (Id. at ¶ 20). Bekhor was able to determine that Luna was awarded the bid based on the information provided to Luna by Premier Gaming Trailers. (Id. at ¶ 21). Premier Gaming Trailers' representatives then

3

attempted to contact Morales but to no avail; finally, Jason Currey, a representative of Luna, answered one of Premier Gaming Trailers' phone calls. (Id. at ¶ 22).

Currey acknowledged that the bid for Solicitation Number W9124D-16-T-0038 had been awarded to Luna but indicated "Luna was unilaterally terminating the Joint Venture Agreement in an attempt to locate a fabricator that could build the Units at a lower cost . . . and was intending that [Premier Gaming Trailers] receive no compensation . . . ." (Id. at ¶ 23). On October 28, 2016, Premier Gaming Trailers served Luna with a demand letter, informing Luna of Premier Gaming Trailers' claims against Luna and demanding payment. (Id. at ¶ 25). Luna did not acquiesce to Premier Gaming Trailers' demand. (Id. at ¶ 26).

Thereafter, on December 9, 2016, Premier Gaming Trailers instituted this action against Luna. (Id.). Premier Gaming Trailers' Complaint asserts a claim for breach of the joint venture agreement (Count I), unjust enrichment (Count II), fraud in the inducement (Count III), and conversion (Count IV). (Id.). Premier Gaming Trailers "attempted to serve Luna via process server, but was ultimately unsuccessful." (Doc. # 10 at ¶ 3). Then, relying on Section 48.161, Fla. Stat., and Hansen Beverage Company v. Consolidated Distributors,

4

Inc., No. 6:11-cv-329-Orl-22DAB, 2012 WL 12903172 (M.D. Fla. Jan. 30, 2012), Premier Gaming Trailers effected service of process upon Luna by having the Florida Secretary of State accept service on behalf of Luna. (Doc. # 10 at ¶ 6). On January 18, 2017, Premier Gaming Trailers sent Luna the alias summons issued on January 4, 2017, the Complaint, and a notice that the Florida Secretary of State had accepted service of the alias summons via certified mail. (Id. at ¶ 7). Premier Gaming Trailers has not received Luna's return receipt. (Id.). Premier Gaming Trailers specifically averred that "[u]pon information and belief, Luna has been actively avoiding service." (Id. at ¶ 8).

As such, Premier Gaming Trailers applied to the Clerk of Court for entry of Clerk's Default on February 1, 2017. (Id.). The Clerk entered default against Luna on February 2, 2017. (Doc. # 11). A week later, having received no appearance from Luna or motion to set aside the default, the Court instructed Premier Gaming Trailers to proceed with moving for default judgment. (Doc. # 12). On February 9, 2017, Premier Gaming Trailers filed the instant Motion seeking default judgment against Luna. (Doc. # 13). The time for filing a response to the Motion has passed and Luna failed to respond in

5

opposition. Likewise, Luna has not moved to set aside the Clerk's Default or otherwise appeared before this Court.

## II. Legal Standard

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a Court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

### III. Discussion

"Under Florida law, a breach of contract arises when there exists (1) a valid contract; (2) a material breach of that contract; and (3) resulting damages." Energy Smart Indus., LLC v. Morning Views Hotels–Beverly Hills, LLC, 660 Fed. Appx. 859, 862 (11th Cir. 2016) (quoting Beck v. Lazard Freres & Co., LLC, 175 F.3d 913, 914 (11th Cir. 1999) (per curiam)) (internal quotation marks omitted). "The elements of a valid contract require: (1) an offer; (2) acceptance of the offer; (3) consideration; and (4) sufficient specification of the essential terms of the agreement." Merlin Petroleum Co., Inc. v. Sarabia, No. 8:16-cv-1000-T-30TBM, 2016 WL 6947385, at *3 (M.D. Fla. Nov. 28, 2016).

"A claim for unjust enrichment has three elements: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." Virgilio v. Ryland Grp., Inc., 680 F.3d 1329, 1337 (11th Cir. 2012).

"A cause of action for fraud in the inducement contains four elements: (1) a false statement regarding a material fact; (2) the statement maker's knowledge that the

7

representation is false; (3) intent that the representation induces another's reliance; and (4) consequent injury to the party acting in reliance." PVC Windoors, Inc. v. Babbitbay Beach Const., N.V., 598 F.3d 802, 808-09 (11th Cir. 2010) (citation and internal quotation marks omitted).

And, with respect to Count IV:

> [c]onversion is an act of dominion wrongfully asserted over another's property inconsistent with his ownership therein. . . . The tort may occur where a person wrongfully refuses to relinquish property to which another has the right of possession, and it may be established despite evidence that the defendant took or retained property based upon the mistaken belief that he had a right to possession, since malice is not an essential element of the action.

United Techs. Corp. v. Mazer, 556 F.3d 1260, 1270 (11th Cir. 2009) (internal quotation marks and citations omitted).

After having reviewed the Complaint's well-pled allegations, which by virtue of its default Luna is deemed to admit, and the attachments thereto in the light of the foregoing elements of the various causes of action, the Court finds that Premier Gaming Trailers is entitled to the entry of final default judgment. As established by Bekhor's affidavit, the bid identified as Solicitation Number W9124D-16-T-0038 was for 157 units. (Doc. # 13-1 at ¶¶ 2, 6, 9). Furthermore, Bekhor's affidavit establishes that Premier

Gaming Trailers "was entitled to $7,619.00 for each" unit. (Id. at ¶ 9). Thus, Premier Gaming Trailers is entitled to an award of $1,196,183 (calculated as $7,619 multiplied by 157). Premier Gaming Trailers also seeks costs totaling $824.02 for costs. (Doc. # 13 at 7).

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff Premier Gaming Trailers LLC's Motion for Final Default Judgment on Complaint (Doc. # 13) is **GRANTED.**

(2) The Clerk is directed to enter default judgment in favor of Plaintiff Premier Gaming Trailers LLC and against Defendant Luna Diversified Enterprises, Inc. in the amount of $1,196,183 in damages plus $824.02 in costs, which shall accrue post-judgment interest at the federal statutory rate, for which sum let execution issue.

(3) Once judgment is entered, the Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 24th day of February, 2017.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE