```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

PREMIER GAMING TRAILERS LLC,

    Plaintiff,

v.                                     Case No. 8:16-cv-3378-T-33TGW

LUNA DIVERSIFIED ENTERPRISES,
INC.,

    Defendant.
_____/

## ORDER

    This matter comes before the Court upon consideration of Defendant Luna Diversified Enterprises, Inc.'s Motion to Set Aside Default Judgment (Doc. # 17), filed on March 24, 2017. Plaintiff Premier Gaming Trailers LLC filed a response in opposition on March 30, 2017. (Doc. # 21). Although Luna has filed a motion for leave to file a reply (Doc. # 22), a reply is not needed. For the reasons below, the default judgment is vacated and the entry of Clerk's default is set aside.

## Discussion

    Premier Gaming instituted this action on December 9, 2016, and effected substitute service via an alias summons served upon the Florida Secretary of State. (Doc. ## 1; 8-10). Thereafter, on February 1, 2017, Premier Gaming applied

to the Clerk for entry of default, and Luna was defaulted the next day. (Doc. ## 10; 11). A week later, on February 9, 2017, Premier Gaming moved for entry of default judgment. (Doc. # 13). The Court granted the motion for default judgment after Luna failed to respond to the motion for default judgment and otherwise failed to appear or defend against the action. (Doc. # 14). Default judgment was entered against Luna on February 27, 2017. (Doc. # 15). Approximately one month later, Luna moved to vacate that default judgment. (Doc. # 17). Premier Gaming opposes vacatur of the default judgment. (Doc. # 21).

The court in Coniglio v. Bank of America, NA, summarized the standard for vacating a default judgment:

> The court may relieve a party from a default judgment based on mistake, inadvertence, surprise, excusable neglect, or any other reason that justifies relief. To establish mistake, inadvertence, or excusable neglect, the defaulting party must show that "(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, the Supreme Court categorized the excusable neglect inquiry as an equitable one and identified four factors pertinent to the analysis: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." The Supreme Court held that excusable neglect

>encompasses situations of negligence within the defaulting party's control and placed primary importance on the prejudice prong of the analysis.

638 Fed. Appx. 972, 974-95 (11th Cir. 2016) (internal citations and footnote omitted).

Here, the Court finds that vacating the default judgment is warranted. Luna has filed its answer, which contains defenses that might affect the outcome of this action, there is no prejudice to Premier Gaming as the delay produced by Luna's default is relatively small, Luna presented a sufficient reason for why it failed to respond in a timely fashion, and there is no evidence that Luna acted in bad faith or delayed in seeking to vacate the default judgment.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Luna Diversified Enterprises, Inc.'s Motion to Set Aside Default Judgment (Doc. # 17) is **GRANTED**. Luna's motion for leave to file a reply (Doc. # 22) is **DENIED AS MOOT**.

(2) The default judgment (Doc. # 15) is **VACATED**.

(3) The entry of Clerk's default (Doc. # 11) is **SET ASIDE**.

(4) The Clerk is directed to **REOPEN** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 5th day of April, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE